FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEB 11 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DERIEK L. HAIRSTON,
1152 Bannister Circle
Waldorf, Maryland 20602,

PHILLIP E. ARNETT,
2414 Misty Dawn Court
Herndon, Virginia 20171,

WINSTON H. FRANKLIN,
706 Mississippi Avenue, S.E.
Washington, D.C. 20032,

BARBARA L. HEIGHT,
13 T Street, N.E.
Washington, D.C. 20002,

ERNEST C. REYNOLDS,
10909 Legend Manor Lane
Glen Dale, Maryland 20769,

JAMES TOWNSEND,
10907 Exeter Court
Upper Marlboro, Maryland 20772,

and

LaVERNE D. WHITTED,
1729 T Street, S.E.
Washington, D.C. 20020,

        Plaintiffs,

   v.

EARL A. POWELL, III, DIRECTOR
**National Gallery of Art**
6th & Constitution Avenue, N.W.
Washington, D.C. 20565
Mailing address: 2000B South Club Drive
                Landover, Maryland 20785

        **Defendant.**

Civil Action No. _____

**JURY TRIAL REQUEST**

CASE NUMBER 1:04CV00205

JUDGE: Richard J. Leon

DECK TYPE: Employment Discrimination

DATE STAMP: 02/11/2004

JURY ACTION

## COMPLAINT

NOW COMES Plaintiffs Deriek L. Hairston, Phillip E. Arnett, Winston H. Franklin, Babara L. Height, Ernest C. Reynolds, James Townsend, and LaVerne D. Whitted, by and through undersigned counsel, for the purposes of filing this civil complaint:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, hereinafter "Title VII".

2. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant. This action is also in accordance with 28 U.S.C. 1331.

### PARTIES

3. Deriek L. Hairston, Ernest C. Reynolds, and James Townsend are citizens of the United States and reside in the state of Maryland.

4. Philip E. Arnett is a citizen of United States and resides in the Commonwealth of Virginia.

5. Winston H. Franklin, Barbara L. Height, and LaVerne C. Whitted are citizens of the United States and reside in the District of Columbia.

6. In accordance with Title VII, Plaintiffs are members of a protected class based on their race, African-American.

7. Defendant is a federal government institution of the United States, subject to Title VII as set forth in 42 U.S.C. § 2000e-16.

## ADMINISTRATIVE PROCEDURES

8. Plaintiffs timely filed formal charges of discrimination against the Defendant with Defendant's Equal Employment Opportunity (EEO) Office on March 4, 2003 in accordance with EEOC Regulation 29 C.F.R. 1614.106.

9. Defendant's EEO Office issued a Final Decision concerning this matter on November 19, 2003.

10. Plaintiffs therefore invoke their rights to sue under 42 U.S.C. § 2000e-5(f) in that they have satisfied all administrative and judicial prerequisites to the institution of this action.

## COUNT I
## DISPARATE TREATMENT IN PAY
## BASED ON RACE IN VIOLATION OF TITLE VII

11. Plaintiffs reallege the allegations of Paragraphs 1 through 10, and incorporates them by reference herein.

12. Plaintiffs are currently employed with Defendant as Security Guards (Security Console Operators), GS-085-07, in the Administrative Office of Protective Services.

13. Plaintiff Reynolds began his employment with Defendant in 1977, as a GS-5, and has been a GS-7 since 1980.

14. Plaintiff Hairston began his employment with Defendant in 1990, as a GS-5.

15. Plaintiff Franklin began his employment with Defendant in 1996, as a GS-5.

16. Plaintiffs Townsend, as a GS-5, and Whitted, as a GS-6, began their employments with Defendant in 1996.

17. Plaintiffs Arnett, as a GS-6, and Height, as a GS-5, began their employments with Defendant in 1999.

3

18. Plaintiffs aver that since beginning their employments with Defendant, their duties have steadily increased.

19. Plaintiffs aver that because of their additional duties, they made several requests over the years to receive grade level/pay increases above the GS-7 level.

20. Plaintiffs aver that their requests for grade level/pay increases were denied.

21. Plaintiffs aver that Defendant treated them differently than non African-American employees in regard to grade level/pay increases.

22. Plaintiff can raise an inference of discriminatory animus by offering evidence comparing themselves to similarly situated individuals who were treated more favorably than they by Defendant.

23. As a direct result of Defendant's actions, Plaintiffs have sustained economic and non-economic damages.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

24. Plaintiffs reallege the allegations of Paragraphs 1 through 23, and incorporates them by reference herein.

25. Plaintiffs engaged in statutorily protected activity when they filed an administrative complaint against Defendant on March 4, 2003.

26. On March 28, 2003, Chief James Lucey, a Caucasian and Plaintiffs' supervisor, submitted a revised position description for the Security Console Operator position.

27. The revised position description downgraded Plaintiffs' duties, which resulted in Mr. Terrence W. Snyder, who conducted a desk audit for the Security Console Operator position, to conclude that Plaintiffs were properly graded at the GS-7 level; thus, Plaintiffs did not receive a grade/pay increase.

28. Plaintiffs aver that there was a causal link between the protected activity and the adverse actions they suffered.

29. Defendant had a duty to allow Plaintiffs to engage in such protected activity.

30. Defendant should be held vicariously liable for its supervisors and its other agents engaged in the course of conduct described in the allegation of this complaint while acting in the course, scope and furtherance of their agency and employment relationship with Defendant.

31. As a direct result of Defendant's actions, Plaintiffs have sustained economic and non-economic damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs prays that this Honorable Court should grant them the following relief, namely:

(i). That this Court determine the employment practices complained of in this complaint are unlawful in that they violate Title VII, et seq;

(ii). That Defendant be enjoined from continuing any and all discriminatory practices;

(iii). That Defendant pay each Plaintiff a sum of $300,000 for compensatory damages, backpay, interests, emotional distress;

(iv). That Defendant pay Plaintiffs' costs and expenses and reasonable attorney's fees as provided under Title VII in connection with this action;

(v). That Defendant create a promotion ladder for Plaintiffs;

(vi). That this Court grant other and such further relief to the Plaintiffs as it deems just and proper.

Respectfully submitted on Plaintiffs' behalf:

February 9, 2004

Nathaniel D. Johnson (Federal #14729)
NATHANIEL D. JOHNSON & ASSOCIATES, L.L.C.
3475 Leonardtown Road Suite 105
Waldorf, Maryland 20602
301-893-0807
301-893-6890 (fax)